IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IVAR VOITS, | CV. 08-904-KI |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON COUNTY SHERIFF'S DEPARTMENT and WASHINGTON COUNTY JAIL ADMINISTRATION, | |
| Defendants. | |

KING, Judge

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action *pro se.* Currently before the court is plaintiff's amended complaint (#5). For the reasons set forth below, plaintiff's amended complaint is dismissed.

## **DISCUSSION**

    As set forth in my previous order, this case concerns the county's seizure of funds for the payment of plaintiff's medical expenses. In his amended complaint, plaintiff alleges that he did not receive prior notice of county medical fees as is required by

1 - ORDER

O.R.S. 169.150(2). Plaintiff further alleges that defendants acted recklessly and with callous indifference to his federally protected rights.

Plaintiff's amended complaint suffers from several deficiencies warranting its dismissal. First, plaintiff purports to incorporate two pages from his original complaint. Plaintiff is advised that an amended pleading operates as a complete substitute for the original pleading. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1991). Hence, plaintiff must include all allegations in his amended pleading.

Second, the only defendants named in plaintiff's amended complaint are the Washington County Sheriff's Department, and the "Washington County Jail Administration". Yet plaintiff includes no allegations sufficient to impose liability upon Washington County or its agencies. In this regard, plaintiff is advised that to impose liability against a county under § 1983, a plaintiff must establish that a county policy or custom was the moving force behind the violation of his constitutional rights. See Humphries v. County of Los Angeles, 2008 WL 4791868 *27 (9th Cir. 2008); Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008); Fogel v. Collins, 531 F.3d 824, 834-35 (9th Cir. 2008). A county cannot be held liable merely because it employed the alleged wrongdoers. Fogel, 531 F.3d at 834 (citing Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 691 (1978)).

2 - ORDER

**CONCLUSION**

Based on the foregoing, plaintiff's amended complaint (#5) is dismissed.  Plaintiff may file a second amended complaint, curing the deficiencies noted above, within 30 days of the date of this order.  Plaintiff is advised that failure to file a second amended complaint shall result in the dismissal of this proceeding. Plaintiff's motion for summary judgment (#6) is held in abeyance pending plaintiff's compliance with this order.

IT IS SO ORDERED.

DATED this ___10th___ day of December, 2008.

      /s/ Garr M. King
      Garr M. King
      United States District Judge

3 - ORDER