IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| IVAR VOITS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 08-904-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| WASHINGTON COUNTY and | ) | |
| WASHINGTON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Ivar Voits
SRCI 13183612
777 Stanton Blvd.
Ontario, Oregon  97914

    Pro Se Plaintiff

Elmer M. Dickens
Office of County Counsel
155 N. First Avenue, Suite 340 - MS 24
Hillsboro, Oregon  97124-3072

    Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Pro se plaintiff Ivar Voits brings a civil rights claim against Washington County and the Washington County Sheriff's Office. Voits alleges that his due process rights were violated because he did not receive prior notice of medical fees he incurred with the County before money was seized from his inmate trust account by the Washington County Jail officials to pay the medical expenses. Before the court is Defendants' Motion for Summary Judgment (#17). On June 24, 2009, I converted the motion to an unenumerated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), sent an advice form to Voits, and gave him additional time to respond. For the reasons below, I grant the motion and dismiss the action without prejudice.

## FACTS

Voits was convicted on May 5, 2000 of murdering his wife. As a result of the conviction, he was incarcerated in the Washington County Jail. When Voits was booked into the jail, he had $6,100 in cash which was deposited into his inmate trust account.

On May 8, 2000, Voits unsuccessfully attempted to commit suicide and was taken to the hospital for treatment, where he incurred medical bills of over $17,000. As a result of the suicide attempt, Voits was charged and convicted of violating the jail's disciplinary rules. On May 12, 2000, the Hearings Officer ordered Voits to pay restitution to cover the medical bills plus $5,495 in overtime paid to the Corrections' Deputies as a result of the incident. On the same day, a Washington County Jail clerk administratively transferred $6,028.21 from Voits' inmate trust account to partially satisfy the restitution order.

## DISCUSSION

Although defendants argued several grounds for dismissing this case, I decided the most persuasive reason was the failure to exhaust administrative remedies. Thus, I converted the motion for summary judgment to an unenumerated motion to dismiss under Rule 12(b).

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The prisoner must exhaust all available remedies, even if the remedies are not "plain, speedy, and effective," and even if the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983 (2002).

The Prison Litigation Reform Act's ("PLRA") exhaustion requirement creates an affirmative defense that must be raised and proven by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Because the failure to exhaust nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary judgment. The court may look beyond the pleadings and decide disputed issues of fact. If the prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. at 1119-20.

The jail's disciplinary rules provide for an appeal process, with appeals to the jail lieutenant or jail commander, then the chief deputy, and then the sheriff. An inmate may not skip

an appeal level.  Voit admits that he did not file any grievances at the jail related to the taking of the money from his inmate trust account.

Voit argues that there is no need for him to exhaust any available administrative remedies because the exhaustion requirement only applies to prisoners challenging prison conditions, which Voit claims he is not.

The courts construe the PLRA exhaustion requirement much more broadly than Voit does, even though the statute states that it applies to actions about "prison conditions." 42 U.S.C. § 1997e(a).  Porter held that the requirement applied to "all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532.

Here, Voit complains that his due process rights were violated because he did not receive the appropriate prior notice before money was seized from his inmate trust account.  The money was seized as a result of his conviction for violating the jail's disciplinary rules.  Voit's complaint concerns prison life, specifically, the disciplinary system.  Consequently, he was required to exhaust the jail's administrative remedies.  Voit claims that he did not know the money was gone from his trust account until after he was transferred from the jail.  I do not see why this fact excuses Voit from starting his process by using the jail's administrative remedies, even if he was incarcerated at a different prison at the time.  Voit did not appeal his disciplinary sanction and never filed a grievance over the problem.  Because he failed to exhaust the administrative remedies, I dismiss the action without prejudice.

Page 4 - OPINION AND ORDER

**CONCLUSION**

Defendants' Motion for Summary Judgment (#17), converted to an unenumerated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this _____28th_____ day of July, 2009.

                                                  /s/ Garr M. King  
                                               Garr M. King  
                                               United States District Judge